I, McKAY, J„
DISSENTS WITH REASONS.
I respectfully dissent from the majority’s decision to affirm the judgment of the workers compensation judge. I would reverse that judgment in so far as it finds that Travelers must be reimbursed or given a credit for $625,821.13.
Theresa Robinson was provided skilled nursing care by Reliable from 1996 through January 8,1998 for a work related injury she suffered on November 11, 1990. Rehable was paid $100.00 per hour for skilled nursing from the inception of its care of Ms. Robinson until Travelers *1045 ceased all payments on July 20, 1997. During this period, Travelers paid Reliable $841,000.00. Travelers never questioned the $100.00 per hour rate until after it hired a manager consultant to review the bills and evaluate the level of service that Ms. Robinson was receiving and determine whether that service was reasonable and necessary.
In Manuel v. River Parish Disposal, Inc., 96-302, 96-303 (La.App. 5 Cir. 10/1/96), 683 So.2d 791, the Fifth Circuit held that a hearing officer was required to use a hospital’s actual charges, rather than a reimbursement schedule, as a starting point for a medical expenses award when no reimbursement schedule was in place at the time medical services were rendered. In the instant case, there was no reimbursement schedule in place at the time Travelers paid Rehable its $100.00 ^hourly rate. Accordingly, Rehable should be es-topped from claiming a reimbursement of $625,821.13.